# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| IN RE: EVOLVE BANK & TRUST CUSTOMER DATA SECURITY LITIGATION )<br><br>This Document Relates To:<br><br>ALL CASES | )<br>)<br>)<br>)         2:24-md-03127-SHL-cgc<br>)<br>)<br>) |

## ORDER GRANTING PLAINTIFFS' MOTION TO APPOINT LEADERSHIP

Before the Court is the Motion to Appoint Leadership filed on November 19, 2024, by several Plaintiffs involved in this multidistrict litigation. (ECF No. 34.) The Motion, brought pursuant to Federal Rule of Civil Procedure 23(g)(3), seeks "to appoint a Plaintiffs' Executive Committee with J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC ("SJG") as Lead Counsel and Gary Klinger, Linda Nussbaum, Jeff Ostrow, James Pizzirusso, Scott Poynter and Lynn Toops as Members of the Executive Committee and Frank Watson of Watson Burns, PLLC as Liaison Counsel." (Id. at PageID 39.) As of the filing of the Motion, its proponents had secured the support of forty-six of the fifty-seven plaintiffs involved in the litigation. (Id. at n.1.)

The Court held an initial case management conference on November 21, 2022, at which it held in abeyance ruling on the Motion (ECF No. 38), and set a deadline of the close of business on November 25, 2024, for the filing of any objections to the Motion. (ECF No. 39.) No objections have been filed and the deadline to do so has passed. Therefore, for good cause shown, and having determined that the proposed leadership slate is reasonable and appropriate

under Rule 23, and based on the nature of circumstances of this Action, the Motion is **GRANTED** consistent with the following terms:

1. The Court finds that the appointment of a leadership slate to serve as interim class counsel is warranted, given the size and scope of this matter and the need to proceed in an organized manner. <u>See</u> Manual for Complex Litigation § 21.11 (2004).

2. The Court finds that J. Gerard Stranch IV of Stranch, Jennings & Garvey, PLLC, is exceedingly qualified and experienced in leading consumer class actions, especially data breach class actions like this one, and shall serve as interim lead counsel in this Action.

3. Moreover, given the nature of this case, a Plaintiffs' Executive Committee ("PEC") is appropriate. The PEC shall consist of Gary Klinger of Milberg Coleman Bryson Grossman, LLC; Linda Nussbaum of Nussbaum Law Group, PC; Jeff Ostrow of Kopelowitz Ostrow Ferguson Weiselberg Gilbert; James Pizzirusso of Hausfeld LLP; Scott Poynter of Poynter Law Group; and Lynn Toops of Cohen & Malad LLP, who are all well qualified to serve on the PEC given their extensive experience in data breach class action litigation.

4. The Court appoints Frank Watson of Watson Burns, PLLC, as Liaison Counsel.

5. Furthermore, the above individuals and their respective firms have expended significant time, resources, and efforts in pursuing this action, including through investigations, pursuing an MDL, and scheduling an early mediation in January 2025.

6. Interim Lead Counsel shall be responsible for leading all aspects of this litigation on behalf of Plaintiffs and the Class, including:

    a. Overseeing briefing and arguing motions;

    b. Developing strategies;

    c. Overseeing the discovery proceedings, including the issuance of written discovery requests, the issuance of any necessary subpoenas, and the taking of depositions;

  d. The assignment of work to the PEC and any other assignments of work required in the litigation on behalf of Plaintiffs and the Class;

  e. The organization of meetings among Plaintiffs' counsel;

  f. Negotiations with Defendants' counsel, including to resolve this matter informally and/or through mediation;

  g. The selection of, and consultation with, any experts; and

  h. Conducting and supervising any other trial, pre-trial, and/or post-trial proceedings.

7. To prevent duplicative pleadings or discovery proceedings, no motion, discovery request, or any other proceeding will be initiated without the approval of Interim Lead Counsel and no settlement discussions will be conducted without approval of Interim Lead Counsel.

8. All communications with opposing counsel shall be coordinated with, and supervised by, Interim Lead Counsel.

9. The PEC shall have all roles and responsibilities delegated to it by the Interim Lead Counsel at Interim Lead Counsel's discretion, including but not limited to:

  a. Conducting assigned discovery tasks;

  b. Research and briefing assignments;

  c. Vetting of potential class members;

  d. Document review;

  e. Vetting of experts; and

  f. Any other task that Interim Lead Counsel believes is necessary for the prosecution of the action.

10. Liaison Counsel shall be responsible for filing of all motions, responses, and other papers with the Court and shall be responsible for ensuring that all members of the above-ordered leadership slate receive copies of all Court filings and are generally knowledgeable

about Court deadlines, the Local Rules of this Court, local custom, and any applicable standing orders.

11.     If this case progresses beyond mediation, and Interim Lead Counsel in consultation with the Executive Committee believes that a Leadership Development Committee would be helpful to the litigation, Lead Counsel, in consultation with the Executive Committee, shall propose a Leadership Development Committee by motion filed with the Court.

**IT IS SO ORDERED,** this 26th day of November, 2024.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE